PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SIDDIQUE ABDULLAH HASAN, a/k/a CARLOS A. SANDERS, | ) ) ) | CASE NO. 4:16CV2239 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| WARDEN RICHARD A. BOWEN, JR.,[1] *et al.*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) | [Resolving ECF No. 24] |

Pending is Defendants' unopposed[2] Motion for Summary Judgment (ECF No. 24), filed on April 17, 2017. Defendants move the Court to enter summary judgment in their favor on the Amended Complaint (ECF No. 20). The Court has been advised, having reviewed the record, the memorandum in support, the deposition of Defendant Imam Said Ismail (ECF No. 23), the

---

[1] Warden Ed Sheldon was an original Defendant. He was sued in an official capacity as a public officer. According to the Ohio Department of Rehabilitation and Correction website (http://www.drc.ohio.gov/osp (last visited September 28, 2017)), Richard A. Bowen, Jr. currently is the Warden at that facility. Pursuant to Fed. R. Civ. P. 25(d), Bowen's name has been automatically substituted as a party.

[2] Plaintiff's memorandum in opposition was to have been filed no later than May 17, 2017. *See* Order (ECF No. 26).
  It is the law of the Sixth Circuit that Fed. R. Civ. P. 56 requires a court, even where a motion for summary judgment is unopposed, to determine that the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment. *Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 173-74 (6th Cir. 1984).
  Moreover, the pre-filing written exchange required by ¶ 14 of the Case Management Plan (ECF No. 21 at PageID #: 124) should have obviated the need for the Court's attention to be drawn to unopposed arguments.

(4:16CV2239)

Declaration of Marc D. Bratton (ECF No. 24-1), and the applicable law. For the reasons set forth below, Defendants' motion is granted.

## I.

Plaintiff Siddique Abdullah Hasan, a/k/a Carlos A. Sanders, an inmate in state custody at the Ohio State Penitentiary,[3] by and through counsel, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Warden Richard A. Bowen, Jr., Imam Said Ismail, and Lt. K. Sample. Plaintiff has spoken with the media regarding "his views on the inappropriateness of utilizing prison labor under conditions which he equates with slavery." ECF No. 20 at PageID #: 105, ¶ 6. He claims that on September 9, 2016, "inmates in institutions across the country and their supporters staged peaceful protests concerning the conditions under which inmates are obliged to work in prison facilities across the United States." ECF No. 20 at PageID #: 105, ¶ 5. Plaintiff had intended to continue speaking with the media about the topic of prison labor. ECF No. 20 at PageID #: 105, ¶ 6.

On August 1, 2016, Defendant Said Ismail, a Contract Imam who provides religious services to Islamic inmates at the Penitentiary where Plaintiff is housed, wrote an incident report against Plaintiff. ECF No. 20 at PageID #: 104, ¶ 3; PageID #: 105, ¶ 7. The Conduct Report, dated August 15, 2016 (ECF No. 20-1), alleges that on July 22, 2016, Plaintiff repeatedly suggested to the Imam that he should carry out a suicide mission at the Ohio State Penitentiary by

---

[3] Plaintiff was convicted in March of 1996 of aggravated murder, attempted murder, felonious assault, kidnapping, and robbery. Upon his conviction for aggravated murder, the trial court imposed a sentence of death. *State v. Sanders*, No. C-020077, 2002 WL 31127540, at *1 (Ohio App. 1st Dist. Sept. 27, 2002).

2

(4:16CV2239)

wearing a bomb laden vest into the Penitentiary. The Conduct Report (ECF No. 20-1) charged Plaintiff with a violation of Rule 59 of the Inmate Rules of Conduct.[4] ECF No. 20 at PageID #: 105-106, ¶ 7; ECF No. 23 at PageID #: 138, 149, 163. An investigation ensued. Plaintiff denies that he engaged in this conduct. ECF No. 20 at PageID #: 106, ¶ 8. The Rules Infraction Board ("RIB") held a hearing on the conduct report on August 18, 2016. ECF No. 20 at PageID #: 106, ¶ 10. The RIB found Plaintiff guilty of the conduct alleged, and suspended Plaintiff's telephone and JPay email privileges for 30 days. Disposition of the RIB (ECF No. 20-2 at PageID #: 112); ECF No. 20 at PageID #: 106, ¶ 10; PageID #: 107, ¶ 12.

Nearly three weeks later and two days before the nationwide inmate protest – on September 7, 2016 – Plaintiff filed this action asserting that Defendants suspended his privileges in retaliation for Plaintiff exercising his First Amendment rights, and to prohibit him from speaking with the media during the protest on September 9, 2016. ECF No. 20 at PageID #: 104, ¶ 1; PageID # 107, ¶ 13. Plaintiff concurrently filed a Motion for Temporary Restraining Order (ECF No. 3) in which he asserted "[i]n order to prevent [Plaintiff] from [speaking to the media about the subject of prison labor], the defendants have trumped up a charge against him which they believe permits them to order a suspension of his right to communicate with the media or anyone else, except his attorney." ECF No. 4 at PageID #: 26. Plaintiff stated that he was pursuing his administrative remedies, "but they will not be resolved until after the 9th which

---

[4] Rule 59 prohibits "[a]ny act . . . knowingly done which constitutes a threat to the security of the institution, its staff, other inmates, or to the acting inmate. Ohio Admin. Code 5120-9-06(C)(59).

3

(4:16CV2239)

would deprive Plaintiff of any chance to have this Court remedy the violation of his rights." ECF No. 4 at PageID #: 27.

On September 8, 2016, the Court denied Plaintiff's Motion for Temporary Restraining Order (ECF No. 3). *See* Memorandum of Opinion and Order (ECF No. 8).

**II.**

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to [whether] the material facts and that the record, taken as a whole, does not lead to a judgment for the movant."

4

(4:16CV2239)

*Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III.

**A. Exhaustion of Administrative Remedies**

Section 1997e of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

5

(4:16CV2239)

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Indeed, alleged violations of the First Amendment are subject to the PLRA's exhaustion requirement. *Treesh v. Taft*, 122 F. Supp.2d 887, 890-91 (S.D. Ohio 2000) (inmate's free speech challenge to state corrections department's policy prohibiting death row inmates from making oral final statements audible to spectators just before execution related to "prison conditions" and was thus subject to PLRA exhaustion requirement). Although prisoners "are not required to specially plead or demonstrate exhaustion in their complaints," *Jones v. Bock*, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," *id.* at 211. In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants. *Id.* at 204.

In Ohio, prisoners must follow a three-step grievance procedure. *See* Ohio Admin. Code 5120-9-31(K). *See Troche v. Crabtree*, 814 F.3d 795, 799 (6th Cir. 2016). Plaintiff alleges "it would appear that [he] has exhausted his administrative remedies. ECF No. 20 at PageID #: 107, ¶ 14. However, according to the Bratton Declaration, dated April 17, 2017 (ECF No. 24-1):

> 8. I have reviewed the grievance records regarding Carlos Sanders, R 130-559 (aka "Siddique Abdullah Hasan"), as well as his complaint filed in the instant lawsuit. I attest that a true and accurate copy of Inmate Sanders's Grievance History is attached hereto. [*See* ECF No. 24-1 at PageID #: 190-91.] Inmate Sanders's Grievance History is kept in the normal course of business in the Chief Inspector's office of the ODRC.
> 9. According to his records, Inmate Sanders has not exhausted his administrative remedies with respect to allegations his First Amendment rights were violated when his telephone and JPay email privileges were restricted for thirty days in August and September 2016. Inmate Sanders only submitted two grievances in that time period both pertaining to complaints about his ability to worship[.]

6

(4:16CV2239)

> 10. Inmate Sanders's First Amendment claim is grievable under Ohio's inmate grievance procedure, however, Inmate Sanders failed to follow any of the three (3) mandatory steps set forth in Ohio Admin. Code 5120-9-31 and thus, has failed to exhaust his administrative remedies.

Plaintiff's claims are barred due to lack of exhaustion. *Hopkins v. Ohio Dep't of Corr.*, 84 Fed.Appx 526, 527 (6th Cir. 2003) (holding that dismissal of a prisoner civil rights complaint is appropriate where a prisoner "fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies." ).

### B. The Amended Complaint (ECF No. 20) Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff alleges that Defendants retaliated against him in violation of his First Amendment rights. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). However, because safety and order are necessarily considered to be the highest priority, First Amendment rights, like many others, are circumscribed in the prison setting. *Id.* at 390. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated at least in part by the protected conduct. *Id.* at 394. Plaintiff has the burden on all three elements. *See Murray v. Unknown Evert*, 84 Fed.Appx. 553, 556 (6th Cir. 2003).

Although false disciplinary reports have been found to constitute adverse action, *Smith v. Craven*, 61 Fed.Appx. 159, 162 (6th Cir. 2003), to succeed on a First Amendment retaliation claim, a prisoner must establish that he exercised his rights "in a manner consistent with his

7

(4:16CV2239)

status as a prisoner." *Griffin v. Berghuis*, 563 Fed.Appx. 411, 416 (6th Cir. 2014) (quoting *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004)). Thus, "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Henderson v. Baird*, 29 F.3d 464, 469 (1994) (quoting *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990)). Moreover, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Thaddeus-X*, 175 F.3d at 395. By threatening the security of the institution, the Court determines that Plaintiff has not engaged in protected conduct under the First Amendment.

Even if an inmate establishes his protected conduct was a motivating factor in the adverse action, the defendant prison official "may thwart the retaliation claim by showing that [he] would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007) (citing *Mt. Healthy School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274 (1977)). The Court concludes Defendants have thwarted the retaliation claim in the case at bar by showing that they would have taken the same action even without the protected activity. First, the Conduct Report (ECF No. 20-1) would have been written as a consequence of Plaintiff's repeated suggestion that Imam Ismail don a suicide vest regardless of any alleged protected conduct to speak with media representatives about prison work conditions. Second, Plaintiff would have been found guilty of threatening the security of the institution regardless of any alleged protected conduct to protest the utilization of prison labor.

Plaintiff also fails to state a claim against Defendants because he was convicted of the misconduct charge. A finding of guilt based upon some evidence of a violation of prison rules

8

(4:16CV2239)

"essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). The Disposition of the RIB written by the Chairperson shows that there was some evidence to support the violation of Rule 59 based on Imam Ismail's description of the event. *See* ECF No. 20-2 at PageID #: 112.

Finally, although the Amended Complaint generally alleges "Defendants have acted to deny him access to both telephone privileges and the use of the JPay email system for a period of 30 days," ECF No. 20 at PageID #: 105, ¶ 6, nowhere does Plaintiff establish the existence of genuine issues of material fact that any Defendant did any such thing. Defendants are granted judgment as a matter of law on all of Plaintiff's claims because Plaintiff has failed to demonstrate that each Defendant was personally involved in the alleged deprivation of his constitutional rights. *Heyerman v. Cty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").

**C. Defendants are Entitled to Qualified Immunity on All Claims**

Defendants also seek summary judgment on the ground of qualified immunity. In order to overcome qualified immunity, Plaintiff must establish that: (1) Defendants' conduct violated a constitutional right; and (2) the right was clearly established at the time of its violation. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court may address either requirement first, *id.* at 236, and the failure to establish either requirement is fatal to a plaintiff's case, *see Brosseau v. Haugen*, 543 U.S. 194, 197-98 (2004). "The plaintiff carries the burden of proof to show that

9

(4:16CV2239)

the defendant is not entitled to qualified immunity." *See v. City of Elyria*, 502 F.3d 484, 491 (6th Cir. 2007) (citing *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991)).

Since Plaintiff has shown no violation of a clearly established right protected by the Constitution or the laws of the United States against each defendant, Defendants are entitled to qualified immunity as a matter of law on all of Plaintiff's claims. *See Neiman v. Reid*, No. 1:12CV1645, 2015 WL 1476779, at *18-19 (N.D. Ohio March 31, 2015) (McHargh, M.J.) (concluding that defendant was entitled to qualified immunity when court had not found a constitutional violation).

**IV.**

For the reasons set forth above and those that have been articulated in the memorandum of points and authorities on which Defendants rely, Defendants' Motion for Summary Judgment (ECF No. 24) is granted. There is no genuine issue as to any material fact and the movants are entitled to a judgment as a matter of law.

IT IS SO ORDERED.

| | |
|---|---|
| September 28, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |